[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-13946
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 91-14013-CR-FAM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LEONARD JENNINGS,
a.k.a. Needie Jennings,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 14, 2009)

Before EDMONDSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Leonard Jennings, a pro se federal prisoner convicted of crack cocaine offenses, appeals his resentencing under 18 U.S.C. § 3582(c)(2). The district court reduced Jennings's sentence under Amendment 706[1] to the Sentencing Guidelines. No reversible error has been shown; we affirm.

On appeal, Jennings first argues that the district court had the authority to sentence him below the amended guidelines range based on United States v. Booker, 125 S.Ct. 738 (2005). In the light of our decision in United States v. Melvin, 556 F.3d 1190 (11th Cir. 2009), petition for cert. filed (U.S. Feb. 10, 2009) (No. 08-8664), we reject Jennings's argument. In Melvin, we concluded that Booker and Kimbrough[2] did not apply to section 3582(c)(2) proceedings and that a district court is bound by the limitations imposed on its discretion by section 3582(c)(2) and the applicable policy statements by the Sentencing Commission. Id. at 1192-93.

Jennings next argues that his sentence procedurally and substantively is unreasonable because the district court did not calculate correctly his amended guidelines range or consider the 18 U.S.C. § 3553(a) sentencing factors. "Once it

___

[1]Amendment 706 -- which became retroactive on 3 March 2008, U.S.S.G. App. C, Amend. 713 (Supp. 1 May 2008) -- reduced by two the base offense levels in crack cocaine sentences calculated pursuant to U.S.S.G. § 2D1.1(c).

[2]Kimbrough v. United States, 128 S.Ct. 558 (2007).

is established that [section] 3582 applies, a district court's decision to grant or deny a sentence reduction is reviewed only for abuse of discretion." United States v. James, 548 F.3d 983, 984 n.1 (11th Cir. 2008).

A "district court must make two distinct determinations before deciding whether to reduce a defendant's sentence under" section 3582(c)(2). United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998). First, the court must determine the sentence it would have imposed, given the defendant's amended guidelines range and holding constant all other guidelines determinations made at the original sentencing hearing. Id. Then, the court must consider the factors in section 3553(a) and determine, in its discretion, whether to reduce the defendant's sentence. Id.

In addition, we review an ultimate sentence for procedural error and substantive reasonableness "under a deferential abuse-of-discretion standard." United States v. Livesay, 525 F.3d 1081, 1090 (2008) (in the context of original sentencing). Procedural error occurs when, among other things, the district court fails to calculate correctly the guidelines range or fails to consider the section 3553(a) factors. Id. at 1091.

The district court originally assigned Jennings a base offense level of 36 based on his possession of 530.4 grams of crack cocaine. With sentencing

3

adjustments for possession of a dangerous weapon, obstruction of justice, and acceptance of responsibility, Jennings had an adjusted offense level of 38. With a criminal history category of VI, Jennings had a guidelines range of 360 months to life imprisonment.[3] The district court sentenced Jennings to 360 months.

In the section 3582(c)(2) proceedings, the district court reduced Jennings's sentence to 324 months. In a form order, the court noted that Jennings's original adjusted offense level was 41 and that his amended offense level was 35 with a guidelines range of 292 to 365 months. But Jennings's base offense level would be reduced to 34 after applying Amendment 706 to his case. See U.S.S.G. § 2D1.1(c)(3) (corresponding to quantities of 500 grams but less than 1.5 kilograms of crack cocaine). Keeping all other guidelines determinations intact, Jennings would have an adjusted offense level of 36 and a guidelines range of 324 to 405 months. The court's order also made no mention of the section 3553(a) factors.

The district court abused its discretion under either section 3582(c)(2) procedure or reasonableness review by calculating incorrectly the amended guidelines range and failing to consider the section 3553(a) factors. But we will not remand based on a harmless error. See United States v. Mathenia, 409 F.3d

---

[3]Though Jennings's criminal history qualified him as a career offender, he was not sentenced under the career offender guideline because the base offense level for a career offender was less than the level calculated under section 2D1.1. See U.S.S.G. § 4B1.1(b).

4

1289, 1292 (11th Cir. 2005). And we conclude that the district court's error here was harmless: the guideline calculation error benefitted Jennings as his 324-month sentence was the lowest possible he could have received under Amendment 706. As noted, the district court had no discretion to sentence Jennings below the correctly calculated amended guidelines range. See Melvin, 556 F.3d at 1192-93. No remand is necessary. See United States v. Hernandez, 160 F.3d 661, 670-71 (11th Cir. 1998) (concluding that an error in applying an upward departure from criminal history category I to II was harmless where a correct calculation of the defendant's criminal history would have placed him in criminal history category II); United States v. Newsome, 998 F.2d 1571, 1579 (11th Cir. 1993) (concluding that a remand was unnecessary where defendants received the lowest possible terms of imprisonment).

Because Jennings received the lowest possible sentence he could have received under the correctly calculated amended guidelines range, his substantial rights were unaffected by the district court's procedural errors. See Hernandez, 160 F.3d at 670 ("[t]o find harmless error, we must determine that the error did not

affect the substantial rights of the parties").[4]

AFFIRMED.

---

[4]To the extent Jennings challenges the district court's original sentencing determinations, these challenges are beyond scope of a section 3582(c)(2) proceeding. See United States v. Bravo, 203 F.3d 778, 781 (11th Cir. 2000) (explaining that a sentencing reduction under section 3582(c)(2) is not a de novo resentencing and "all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing").